J-S20043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZAHMIR WHITE | : | |
| | : | |
| Appellant | : | No. 3003 EDA 2022 |

Appeal from the PCRA Order Entered November 10, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004999-2018

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                      **FILED AUGUST 8, 2023**

Appellant, Zahmir White, appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) that dismissed his first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. After careful review, we affirm.

On April 1, 2018, Appellant shot and killed a teenager (Victim 1) and shot at one of his friends (Victim 2) on South Street in Philadelphia, Pennsylvania.  Trial Court Opinion, 1/8/20, at 2-3.  On April 18, 2019, Appellant was convicted by a jury of voluntary manslaughter for killing Victim 1, attempted murder and aggravated assault for shooting at Victim 2, reckless

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

endangerment, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and possession of an instrument of crime, and was acquitted of first-degree murder and third-degree murder. N.T. Trial, 4/18/19, at 79-84; Verdict Report.

On June 21, 2019, the trial court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration. N.T. Sentencing at 70-71; Sentencing Order. Appellant's trial counsel filed a timely post-sentence motion seeking only reconsideration of his sentence, which the trial court denied on October 8, 2019. Appellant filed a timely appeal from his judgment of sentence, in which his appellate counsel challenged only the length of his sentence. *Commonwealth v. White*, No. 3186 EDA 2019, slip op. at 3-4 (Pa. Super. November 6, 2020). On November 6, 2020, this Court affirmed Appellant's judgment of sentence. *Id.* at 2, 13. Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on March 9, 2021. *Commonwealth v. White*, 250 A.3d 470 (Pa. 2021).

On March 8, 2022, Appellant filed a timely counseled PCRA petition asserting that his trial counsel was ineffective for failing to seek a new trial on the ground that the verdict was against the weight of the evidence in his post-sentence motion and that his appellate counsel was ineffective for failing to appeal his convictions on sufficiency of the evidence grounds. On October 21, 2022, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the PCRA petition without a hearing on the grounds that the claims

that counsel failed to assert lacked merit and would have been unsuccessful. Rule 907 Notice. Appellant did not file a response to the trial court's Rule 907 notice. On November 10, 2022, the trial court entered an order dismissing Appellant's PCRA petition on those grounds. Trial Court Order, 11/10/22; Trial Court Opinion, 2/7/23, at 5-11. This timely appeal followed.

Appellant raises two issues in this appeal: 1) whether the trial court erred in dismissing his claim that appellate counsel was ineffective for failing argue in his direct appeal that the evidence was insufficient to prove voluntary manslaughter, attempted murder, aggravated assault, and reckless endangerment; and 2) whether the trial court erred in dismissing his claim that trial counsel was ineffective for failing to assert in his post-sentence motion that Appellant's convictions of those offenses were against the weight of the evidence.[2] Our review of these issues is limited to determining whether the record supports the trial court's determinations and whether its decision is free of legal error. **Commonwealth v. Bishop**, 266 A.3d 56, 62 (Pa. Super.

_____

[2] Appellant argues these two issues in the opposite order. We have reordered them for ease of disposition. Appellant does not clearly state in his statement of questions presented which convictions he claims should have been challenged by his counsel, but discusses only the offenses of voluntary manslaughter, attempted murder, aggravated assault, and reckless endangerment in his argument. Appellant therefore has not asserted any claims of ineffectiveness of trial or appellate counsel with respect to his firearms convictions or his possession of an instrument of crime conviction and we need not consider the sufficiency or weight of the evidence with respect to those convictions.

2021); *Commonwealth v. Ligon*, 206 A.3d 515, 518 (Pa. Super. 2019); *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018).

Both of Appellant's PCRA claims asserted ineffective assistance of counsel. To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the defendant must prove: 1) that the underlying claim is of arguable merit; 2) that counsel had no reasonable basis for his action or inaction; and 3) that he suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015); *Bishop*, 266 A.3d at 62; *Presley*, 193 A.3d at 442. The defendant must satisfy all three elements of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Bishop*, 266 A.3d at 62; *Ligon*, 206 A.3d at 519.

Appellant's claim that appellate counsel was ineffective for failing to raise sufficiency of the evidence in his direct appeal fails because the underlying claim that the evidence was insufficient was without arguable merit. Evidence is sufficient to support a conviction, if, viewed in the light most favorable to the Commonwealth as the verdict winner, it is sufficient to enable the jury to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Reid*, 99 A.3d 427, 469 (Pa. 2014); *Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa. Super. 2016); *Commonwealth v. Lawrence*, 960 A.2d 473, 477 (Pa. Super. 2008). Where the record shows that evidence was introduced at trial that was sufficient to prove all of the elements of the offenses in question, a challenge to sufficiency of the evidence

is without arguable merit and counsel cannot be found ineffective for failing to raise that claim. *Lawrence*, 960 A.2d at 478.

Here, the evidence at trial showed that Appellant and a friend of his encountered Victim 1, Victim 2, another friend of Victim 1, and Victim 1's cousin on South Street in the late afternoon of April 1, 2018, that Victim 2 and Victim 1's other friend got into a verbal altercation with Appellant, and that Appellant pulled out a gun. N.T. Trial, 4/16/19, at 97-103, 107-28, 136-37, 159-60, 184-97, 225-27, 230-31, 239; N.T. Trial, 4/17/19, at 84-85, 127-31, 134. After Appellant pulled out the gun, Victim 1's cousin and other friend ran into a store, Victim 1 and Victim 2 ran down the street away from Appellant, and Appellant fired multiple shots at Victim 1 and Victim 2 at torso level. N.T. Trial, 4/16/19, at 23, 26, 32, 35-38, 68, 128-31, 160, 188, 190, 197-99, 227, 230-33, 236-38, 240-43; N.T. Trial, 4/17/19, at 71, 119-20, 135, 137-38; Commonwealth Ex. 66. One the shots fired by Appellant hit Victim 1 in the lower back and caused his death. N.T. Trial, 4/16/19, at 23, 25-29, 32, 35-40, 130-31, 199, 233, 237-38; N.T. Trial, 4/17/19, at 136, 138. This evidence was sufficient to prove all of the elements of voluntary manslaughter, attempted murder, aggravated assault, and reckless endangerment.

The elements of the offense of voluntary manslaughter are that the defendant either killed a person without justification while acting under a sudden and intense passion resulting from serious provocation or intentionally or knowingly killed a person under an unreasonable belief that deadly force

was necessary to protect himself. 18 Pa.C.S. § 2503(a), (b); **Commonwealth v. Weston**, 749 A.2d 458, 462 (Pa. 2000). The above evidence amply proves that Appellant intentionally or knowingly killed Victim 1. Firing a gun directly at a vital part of a person's body is sufficient to prove specific intent to kill. **Commonwealth v. Holt**, 273 A.3d 514, 529-30, 551-52 (Pa. 2022); **Commonwealth v. Hitcho**, 123 A.3d 731, 746 (Pa. 2015). Although Appellant testified that he drew his gun and fired it because he saw Victim 2 attempt to pull a gun out of his backpack and was in fear for his life, N.T. Trial, 4/17/19, at 120, 133-36, there had been no physical fighting and there was other evidence that no one else involved in the argument had a gun, made any physically threatening motion, or prevented Appellant from leaving. N.T. Trial, 4/16/19, at 117-18, 121-22, 127-28, 132-33, 159-60, 195-97, 203-04, 240, 243; N.T. Trial, 4/17/19, at 71, 95-96. In addition, the evidence showed that Victim 1 and Victim 2 were running away when Appellant shot at them. N.T. Trial, 4/16/19, at 26, 35-36, 240-43; Commonwealth Ex. 66. The evidence was therefore also sufficient to prove that Appellant's belief that deadly force was necessary was unreasonable.

A conviction for attempted murder requires the Commonwealth to prove two elements: 1) that the defendant had the specific intent to kill and 2) that he took a substantial step towards that goal. **Commonwealth v. Blakeney**, 946 A.2d 645, 652 (Pa. 2008); **Ligon**, 206 A.3d at 519. The evidence that Appellant fired his gun at Victim 2's torso is sufficient to prove both of these

elements. ***Commonwealth v. Cannavo***, 199 A.3d 1282, 1292 (Pa. Super. 2018) (firing a gun at people at abdominal height showed both specific intent to kill and that the defendant took a substantial step toward committing murder); ***Commonwealth v. Jackson***, 955 A.2d 441, 443-45 (Pa. Super. 2008) (evidence that defendant fired gun at one person without hitting them and pointed the gun at second person was sufficient to support attempted murder conviction).

This evidence was *a fortiori* sufficient to support Appellant's aggravated assault and reckless endangerment convictions. An attempt to cause serious bodily injury to another person constitutes aggravated assault, regardless of whether any injury occurred, and the elements of that offense are that the defendant intended to cause such injury and took a substantial step to do so. 18 Pa.C.S. § 2702(a)(1); ***Commonwealth v. Steele***, 234 A.3d 840, 845-46 (Pa. Super. 2020); ***Commonwealth v. Galindes***, 786 A.2d 1004, 1012 (Pa. Super. 2001). To prove reckless endangerment, the Commonwealth is required to prove only that the defendant recklessly engaged in conduct that placed or may have placed another person in danger of death or serious bodily injury. 18 Pa.C.S. § 2705; ***Steele***, 234 A.3d at 847. Proof that the defendant fired a loaded gun at another person is sufficient to prove both attempt to cause serious bodily injury and reckless conduct that placed another person in danger of death or serious bodily injury, even though the defendant did not

injure the victim. *Steele*, 234 A.3d at 846-47; *Commonwealth v. Hartzell*, 988 A.2d 141, 143-44 (Pa. Super. 2009); *Galindes*, 786 A.2d at 1012.

Appellant argues that the evidence was nonetheless insufficient to prove these crimes because he acted in self-defense and because the conviction of voluntary manslaughter for the killing of Victim 1, rather than first-degree murder or third-degree murder, is allegedly inconsistent with his attempted murder and aggravated assault convictions for shooting at Victim 2 and his reckless endangerment conviction. Neither of these arguments has merit.

Self-defense is a complete defense to a crime involving use of deadly force only if the following three elements are all present: 1) the defendant reasonably believed that he was in imminent danger of death or serious injury and that it was necessary to use deadly force to prevent such harm; 2) the defendant did not provoke the threat; and 3) the defendant did not violate a duty to retreat. 18 Pa.C.S. § 505(b)(2); *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1124 (Pa. 2012); *Commonwealth v. Jones*, 271 A.3d 452, 458 (Pa. Super. 2021); *Steele*, 234 A.3d at 846. Where the defendant has introduced evidence of self-defense, the burden is on the Commonwealth to disprove the self-defense claim by proving that at least one of those three elements is absent. *Sepulveda*, 55 A.3d at 1124; *Commonwealth v. Green*, 273 A.3d 1080, 1085 (Pa. Super. 2022); *Jones*, 271 A.3d at 458. If the Commonwealth proves only that the defendant's belief that he was in imminent danger was unreasonable, self-defense is not a defense to crimes

- 8 -

other than murder, but the defendant can only be convicted of voluntary manslaughter, rather than first-degree or third-degree murder, for a killing committed under that unreasonable belief. 18 Pa.C.S. § 2503(b); *Green*, 273 A.3d at 1085-89; *Cannavo*, 199 A.3d at 1290-92.

The jury is not required to believe the defendant's testimony that he thought that he was in imminent danger and acted in self-defense. *Commonwealth v. Houser*, 18 A.3d 1128, 1135 (Pa. 2011); *Jones*, 271 A.3d at 458; *Commonwealth v. Chine*, 40 A.3d 1239, 1243 (Pa. Super. 2012). Disbelief of the defendant's testimony, however, is not sufficient by itself to satisfy the Commonwealth's burden to disprove self-defense absent some evidence negating self-defense. *Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001); *Jones*, 271 A.3d at 459; *Commonwealth v. Ward*, 188 A.3d 1301, 1304 (Pa. Super. 2018).

Here, as noted above, the evidence that no one other than Appellant had a gun and that Appellant shot at his victims as they were running away is sufficient to prove that Appellant's belief that he needed to use deadly force was unreasonable. Indeed, that evidence would be sufficient to disprove Appellant's claim that he actually believed that Victim 2 had a gun and was in fear for his life when he shot Victim 1 and shot at Victim 2. A sufficiency of the evidence argument based on self-defense would therefore be without arguable merit and counsel cannot be ineffective for failure to raise it.

Appellant's second argument fails for two reasons. First, contrary to Appellant's contention, inconsistent verdicts do not render sufficient evidence insufficient or otherwise invalidate a conviction, unless commission of an offense of which the defendant was acquitted is an essential statutory element of the offense of which the defendant was convicted. *Commonwealth v. Baker-Myers*, 255 A.3d 223, 229-35 (Pa. 2021); *Commonwealth v. Moore*, 103 A.3d 1240, 1246-50 (Pa. 2014); *Commonwealth v. Knox*, 219 A.3d 186, 197 (Pa. Super. 2019). Nothing in the charges concerning the killing of Victim 1, for which Appellant was acquitted of first-degree and third-degree murder and convicted of voluntary manslaughter, is an essential element of any of the other offenses of which Appellant was convicted. The voluntary manslaughter verdict is therefore irrelevant to the validity of Appellant's attempted murder, aggravated assault, and reckless endangerment convictions and cannot make the evidence insufficient to support those convictions. *Moore*, 103 A.3d at 1250; *Knox*, 219 A.3d at 197.

Second, the verdicts are not even inconsistent. The voluntary manslaughter offense of which Appellant was convicted requires proof that the defendant "intentionally or knowingly kill[ed]." 18 Pa.C.S. § 2503(b); *see also Weston*, 749 A.2d at 462. That *mens rea* is completely consistent with the *mens rea* for attempted murder of specific intent to kill and the *mens rea* for Appellant's aggravated assault and reckless endangerment convictions of intent to cause serious bodily injury and recklessness.

Appellant's remaining claim of ineffectiveness of counsel, that trial counsel was ineffective for failure to seek a new trial on weight of the evidence grounds in his post-sentence motion, is without merit because he cannot show prejudice. To satisfy the prejudice element of an ineffective assistance of counsel claim, the defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Mason*, 130 A.3d at 618; *Commonwealth v. Reaves*, 923 A.2d 1119, 1127 (Pa. 2007); *Commonwealth v. Postie*, 200 A.3d 1015, 1023 (Pa. Super. 2018) (*en banc*). Because trial counsel's alleged error here was a failure to raise an issue by post-sentence motion, the prejudice element requires that the defendant show a reasonable probability that relief would have been granted if the motion had been filed. *Reaves*, 923 A.2d at 1131-32; *Presley*, 193 A.3d at 444-45.

The trial court properly concluded that Appellant could not show a reasonable probability that a weight of the evidence motion would have been granted. A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the verdict was so contrary to the evidence that it shocks one's sense of justice. *Houser*, 18 A.3d at 1136; *Bishop*, 266 A.3d at 67-68; *Knox*, 219 A.3d at 198.

Appellant argues that the jury's voluntary manslaughter, attempted murder, aggravated assault, and reckless endangerment verdicts were against the weight of the evidence because the evidence showed that his actions were

reasonable self-defense and because it was undisputed that Appellant had a reputation for being peaceful and law-abiding. Those arguments are without merit. The trial court concluded that a motion for a new trial on weight of the evidence grounds would have been unsuccessful because there was overwhelming evidence refuting Appellant's self-defense claim and showing that any belief that he needed to use deadly force was unreasonable. Trial Court Opinion, 2/7/23, at 8-11. That conclusion, by the same judge who presided over Appellant's trial, is supported by the record. As discussed above, Appellant's claim that Victim 2 had a gun was contradicted by other witnesses. N.T. Trial, 4/16/19, at 132-33, 203-04, 240, 243. Moreover, the video evidence showed that the individuals at whom Appellant fired his gun were already running away from him before he shot at them. Commonwealth Ex. 66.

The fact that it was stipulated at trial that Appellant has a reputation for being peaceable and law-abiding, N.T. Trial, 4/17/19, at 187, does not make the verdict contrary to the evidence. While a jury may find evidence of good character sufficient by itself to create a reasonable doubt, **Commonwealth v. Weiss**, 606 A.2d 439, 442 (Pa. 1992); **Commonwealth v. Neely**, 561 A.2d 1, 3 (Pa. 1989), such evidence does not require that the jury find a defendant not guilty, and where, as here, there is ample evidence of guilt, a guilty verdict is not against the weight of the evidence, despite the defendant's good character. **Commonwealth v. Fallon**, 275 A.3d 1099, 1107-08 (Pa.

Super. 2022); *Commonwealth v. Brown*, 48 A.3d 426, 432 (Pa. Super. 2012); *Commonwealth v. Price*, 616 A.2d 681, 685 (Pa. Super. 1992).

For the foregoing reasons, the trial court correctly concluded Appellant was not entitled to relief on either of his PCRA claims. Accordingly, we affirm the trial court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2023