J-S01010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SARITA DEVI BISTA | : | |
| | : | |
| Appellant | : | No. 1159 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 4, 2023
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002325-2021

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:                 **FILED: MAY 13, 2024**

Sarita Bista appeals from her judgment of sentence for, *inter alia*, Driving Under the Influence–highest rate of alcohol ("DUI") pursuant to 75 Pa.C.S.A. § 3802(c). Bista's counsel has filed an application to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). In her **Anders** brief, counsel asserts that the sufficiency and weight claims Bista wishes to raise on appeal are frivolous. We agree. We therefore grant counsel's application to withdraw and affirm Bista's judgment of sentence.

After police found Bista sitting in her car in her ex-husband's driveway with a blood alcohol content ("BAC") of .229%, Bista was charged with two

---

[*] Retired Senior Judge assigned to the Superior Court.

counts of DUI. One count was for DUI–general impairment under 75 Pa.C.S.A. § 3802(a) and the other count was for DUI–highest rate of alcohol pursuant to 75 Pa.C.S.A. § 3802(c). The matter eventually proceeded to a bench trial.

Bista's ex-husband, Kul Guragai, testified first. He stated that Bista drove to his house on February 21, 2021, to drop off their child. According to Guragai, Bista was not intoxicated at the time of the drop off. *See* N.T., 5/4/2023, at 6. However, Guragai testified that Bista then left and returned to his house in an intoxicated state. *See id.* at 6-7. He recounted that the police were called, and he spoke to the police. *See id.* at 5-6.

Officer Robert Swigert from the Swatara Township Police Department testified that he was dispatched to Guragai's house on February 21, 2021. When he arrived, Bista was sitting in the driver's seat of her car in Guragai's driveway. *See id.* at 9, 16. Officer Swigert testified that the engine in Bista's car was running, and the lights were on. *See id.* According to the officer, Bista was visibly intoxicated and had a "very strong odor" of alcohol emanating from her. *Id.* at 10. He reported Bista was "too intoxicated" to do a field sobriety test. *Id.* at 11. After Bista attempted to punch the other officer who had responded to the scene, Officer Swigert arrested her. *See id.* at 11. Bista was eventually taken to the hospital and consented to a blood test. The results revealed Bista had a BAC of .229%. *See id.* at 13.

Bista testified on her own behalf. She recounted that she drove to Guragai's house on February 21, 2021. Bista agreed that, after dropping off

their child, Bista left Guragai's house and then returned to the house. However, Bista maintained that she did not drive when she left. Instead, she asserted she walked to her friend's house, where she drank "a little" over approximately a thirty-minute period, and then walked back to her ex-husband's house. *See id.* at 18, 22. Upon her return, Bista stated she got into an argument with Guragai and called the police. *See id.* at 18-19. Bista testified that, contrary to what Officer Swigert testified, the engine in her car was not running when the officer arrived at the house. *See id.* at 20.

The trial court specifically found Officer Swigert's testimony credible and Bista's testimony not credible. *See id.* at 25. The court stated:

> We find Officer Swigart's testimony credible that the defendant was behind the wheel with the car running and was intoxicated at that time. We can circumstantially infer that she was operating the vehicle on a roadway of the Commonwealth at the time of Officer Swigart's arrival.

*Id*.

The court therefore found Bista guilty of both DUI-general impairment and DUI-highest rate of alcohol. The court immediately sentenced Bista to seven days of house arrest and six months of probation for the DUI–highest rate of alcohol conviction. It also found the DUI-general impairment count merged with the DUI–highest rate count for sentencing purposes.

Bista filed a post-sentence motion, alleging the verdict was against the weight of the evidence. The trial court denied the motion. Bista then filed a timely notice of appeal, and appellate counsel was appointed. The trial court

ordered Bista to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal and in response, counsel filed a statement of her intent to file an application to withdraw and an **Anders** brief. The trial court therefore did not file a Rule 1925(a) opinion. On October 23, 2023, counsel did, in fact, file an application to withdraw and an **Anders** brief.

When counsel seeks to withdraw from representation on direct appeal, as counsel does here, she "must petition the court for leave to withdraw stating that after making a conscientious examination of the record [counsel] has … determined that the appeal would be frivolous[.]" **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (citation omitted). Counsel seeking to withdraw must also file an **Anders** brief which meets certain requirements. In particular, the brief must: "(1) provide a summary of the procedural history and facts …; (2) refer to anything in the record that counsel believes arguably supports the appeal; and (3) set forth counsel's conclusion that the appeal is frivolous[,] and [the reasons for that conclusion]." **Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014) (citation omitted).

Lastly, counsel must also furnish the appellant with a copy of the **Anders** brief along with a letter advising the appellant of her rights. **See id.** at 880. Specifically, that letter must advise the appellant of her immediate right to:

(1) retain new counsel to pursue the appeal;

- 4 -

(2) proceed *pro se* on appeal; or

(3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief.

**Id.** at 880 (citation omitted); **see Millisock**, 873 A.2d at 751-752. Counsel is to attach a copy of the letter sent to the appellant to counsel's application to withdraw. **See Millisock**, 873 A.2d at 752.

This Court will only conduct its own review of any issues raised on appeal once we determine that counsel's application to withdraw and **Anders** brief satisfy these threshold procedural requirements. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

In the instant matter, we denied counsel's October 23, 2023, application to withdraw after concluding that, although counsel's brief substantially complied with **Anders**, counsel's letter to Bista advising her of her rights did not comply with **Millisock**. Accordingly, we directed counsel to send Bista an amended letter complying with **Millisock** and to attach that amended letter to the amended application to withdraw, which we also directed counsel to file. In addition, we instructed counsel to advise Bista she could respond to counsel's **Anders** brief within 30 days of counsel's amended letter.

Counsel filed an amended application to withdraw on March 25, 2024. She attached a copy of the amended letter sent to Bista, which complies with **Millisock**. Bista did not respond.

Given that counsel has now filed a brief and a letter that complies with the procedural requirements outlined above, we turn to our own review of the appeal to determine if it is wholly frivolous. **See Wrecks**, 931 A.2d at 721. In doing so, we agree with counsel that there are no non-frivolous issues to raise on appeal.

First, counsel addresses Bista's claim that the evidence was insufficient to support her conviction for DUI-highest rate of alcohol. We agree with counsel that the trial court did not err by concluding there was sufficient evidence to convict Bista of this charge.

When reviewing a challenge to the sufficiency of the evidence, we must determine whether, when viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence presented at trial and all reasonable inferences derived from the evidence was sufficient to establish all of the elements of the offense beyond a reasonable doubt. **See Commonwealth v. Ramtahal**, 33 A.3d 602, 607 (Pa. 2011). The Commonwealth may sustain its burden entirely by circumstantial evidence. **See id.** Moreover, the factfinder, which was the trial court in the instant case, "passes upon the weight and credibility of each witness's testimony, [and] is free to believe all, part or none of the evidence." **Id.** (citation omitted).

To sustain Bista's conviction for DUI-highest rate of alcohol, the Commonwealth had to prove Bista "drove, operated or was in actual physical control of a motor vehicle" and that her BAC was higher than .16% within two

- 6 -

hours of that control. ***Commonwealth v. Starry***, 196 A.3d 649, 657 (Pa. Super. 2018) (citation omitted); 75 Pa. C.S.A. § 3802(c). "The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." ***Commonwealth v. Toland***, 995 A.2d 1242, 1246 (Pa. Super. 2010) (citation omitted). A determination of whether a defendant had actual physical control of a vehicle is based upon the totality of the circumstances and can be established wholly through circumstantial evidence. ***See id.*** This Court has looked to the following factors to assess whether a defendant had physical control of a vehicle: whether "the motor [was] running, the location of the vehicle and [any] additional evidence showing the defendant had driven the vehicle." ***Id.*** (citation omitted).

Here, counsel maintains in her ***Anders*** brief that Bista's claim that there was insufficient evidence to convict her of DUI–highest rate of alcohol is frivolous. There is no dispute that Bista's BAC was well over .16% at the relevant time. Therefore, the only question remaining is whether the Commonwealth established Bista was in physical control of her vehicle. In stating that the Commonwealth had done so, counsel points to the evidence presented by the Commonwealth that Bista was sitting in the driver's seat of her car in her ex-husband's driveway while clearly intoxicated and while the motor of the car was running and the lights of the vehicle were on. She also admitted to driving the car to the residence and to consuming alcohol. Counsel

also emphasizes that the trial court credited the officer's testimony and did not credit Bista's testimony.

We agree with counsel that, under the totality of these circumstances, the trial court could have reasonably inferred that Bista had physical control of her vehicle while her BAC was over .16% and therefore that Bista's sufficiency claim is frivolous. *See Commonwealth v. Bathurst*, 288 A.3d 492, 502 (Pa. Super. 2023) (stating that the trial court did not err in finding the evidence was sufficient to find the defendant had physical control of his vehicle while intoxicated when the defendant was parked on a pull-off, the vehicle's engine was running, the vehicle's lights were on, and the defendant admitted to drinking alcohol). In *Commonwealth v. Fallon*, 275 A.3d 1099, 1106 (Pa. Super. 2022), a panel of this Court found, under the totality of the circumstances, that the appellant was in physical control of his vehicle for purposes of 75 Pa. C.S.A. § 3802(c) where the police found the defendant outside his vehicle parked in the driveway of a residence in which he did not reside, the defendant admitted to driving the vehicle to the residence and to drinking alcohol, the defendant failed field sobriety tests, and the hood of the parked vehicle was warm to the touch.

Counsel also forwards Bista's claim that the trial court abused its discretion by rejecting her claim that the verdict was against the weight of the evidence. We agree with counsel that this claim also does not offer any basis for relief.

Appellate review of a weight claim ruled on by the trial court "is not [a reevaluation of] the underlying question of whether the verdict is against the weight of the evidence." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003). Instead, our review of such a claim "is limited to whether the trial court palpably abused its discretion" in determining that the verdict was not against the weight of the evidence. ***Id.*** (citation omitted). A new trial is only warranted when the verdict is so contrary to the evidence as to shock one's sense of justice and "the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Fallon***, 275 A.3d at 1107 (citation omitted).

We agree with counsel that Bista's claim that the trial court abused its discretion in finding that the verdict was not against the weight of the evidence is frivolous. As counsel states, Bista was found inside her car at a residence that was not her own, with the engine running and the lights on, and while her BAC was .229%. Although Bista maintained she did not drive the car while she was intoxicated and that the engine was not running when the police arrived, the trial court did not credit her testimony. It was exclusively within the province of the trial court as factfinder to do so. ***See Commonwealth v. Delmonico***, 251 A.3d 829, 837 (Pa. Super. 2021). This claim offers no basis for relief.

We agree with counsel that the two issues Bista wishes to raise on appeal are without merit. We have reviewed the record and do not discern

any other claims that are non-frivolous. Accordingly, we grant counsel's application to withdraw and affirm Bista's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/13/2024