J-S39026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE IVAN GEIST | : | |
| | : | |
| Appellant | : | No. 771 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 26, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001185-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: DECEMBER 15, 2023**

Jesse Ivan Geist appeals from the judgment of sentence entered after he was convicted of violating two statutory prohibitions against driving under the influence of alcohol or a controlled substance: general impairment and highest rate of alcohol. ***See*** 75 Pa.C.S.A. § 3802(a)(1) and (c). Geist argues the evidence was insufficient to support the convictions. We affirm.

At Geist's jury trial, the Commonwealth presented uncontradicted evidence of the following. On April 2, 2022, police responded to a report of a white Ford Fusion driving recklessly and striking curbs near the intersection of Memorial Avenue and Campbell Street. ***See*** Trial Court Opinion, filed July 11, 2023, at 3. The first responding officer arrived at the intersection approximately three minutes after receiving the dispatch. ***Id.*** He located a white Ford Fusion in a nearby parking lot. There were "fresh" tire marks leading to the car from the intersection through the parking lot and an

adjacent grass yard. *Id.* at 4, 5. The car's tires had wet grass and mud on them. *Id.* at 4, 5. The car's hood was warm to the touch. *Id.* at 3.

Geist was the sole occupant of the car and was "curled up" in the driver's seat. *Id.* He smelled of alcohol, had bloodshot eyes, was slurring his words, and "was a roller coaster of emotions." *Id.* at 3-4, 10. Geist admitted that he owned the car and was the only person who drove it, but claimed he did not remember how he had arrived in the parking lot. *Id.* at 3. Geist admitted having consumed Southern Comfort and other alcoholic drinks. *Id.* at 4. Geist refused to perform a field sobriety test. *Id.* A blood draw taken approximately thirty minutes later revealed Geist had a blood alcohol content of 0.254%. *Id.*

The first responding police officer could not recall whether the keys to the car had been in the ignition when he found it, or if they were ever located. *Id.* at 3. The second officer testified that he observed damage to the front of the vehicle but could not determine when it was caused. *Id.* at 5.

The jury found Geist guilty of the above-listed offenses. The court sentenced Geist to an aggregate of 120 days to five years' incarceration and fees, costs, and fines. The court also imposed special conditions on Geist's parole. This appeal followed.[1]

Geist raises the following issues:

---

[1] Geist's notice of appeal erroneously states the appeal is from the verdict of guilt. We have amended the caption to reflect that the appeal lies from the judgment of sentence. *See Commonwealth v. Charles O'Neill*, 578 A.2d 1334, 1335 (Pa.Super. 1990); *see also Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*).

I. Whether the Commonwealth presented sufficient evidence of all the elements of the alleged offense, such that [Geist] could be proven guilty of delivery of a controlled substance beyond a reasonable doubt.

II. Whether [Geist's] conviction is against the weight of the evidence, in that the Commonwealth failed to produce evidence that [Geist] was in actual physical control of the vehicle.

Geist's Br. at 6 (suggested answers omitted).

A challenge to the sufficiency of the evidence presents a question of law. **Commonwealth v. Mikitiuk**, 213 A.3d 290, 300 (Pa.Super. 2019). Therefore, "[o]ur standard of review is *de novo*, and our scope of review is plenary." **Id.**

Evidence is sufficient when it "enable[s] the trier of fact to find every element of the crime has been established beyond a reasonable doubt[.]" **Commonwealth v. Fallon**, 275 A.3d 1099, 1105 (Pa.Super. 2022) (citation omitted). In conducting our review, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the Commonwealth. **Id.** The Commonwealth may prove its case through entirely circumstantial evidence. **Commonwealth v. Bowens**, 265 A.3d 730, 740 (Pa.Super. 2021), *appeal denied*, 279 A.3d 508 (Pa. 2022).

Geist was convicted of violating the following provisions:

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

* * *

- 3 -

> **(c) Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1), (c).

Relevant to both provisions, Geist maintains the evidence did not show that he drove the vehicle while under the influence. He argues the Commonwealth failed to prove how long before the arrival of the police he had driven the vehicle, and that he had driven it after imbibing alcohol, rather than before. **See** Geist's Br. at 11 (arguing the Commonwealth failed to establish "a temporal connection to the driving of the vehicle"). He points out that when the police arrived, the engine was off and he was curled up in the driver's seat. He also highlights there was no evidence he possessed the car keys. In addition, Geist stresses that the responding police officer testified that he could not determine when the vehicle sustained damage to its front. Geist further argues there was no evidence establishing when the mud and grass got on the wheels of the vehicle or when the tracks were made in relation to when he consumed alcohol.

We have previously rejected a similar argument that the Commonwealth failed to "establish a nexus between the time of driving and the [police] investigation." **Commonwealth v. Teems**, 74 A.3d 142, 147 (Pa.Super. 2013) (citation omitted). In **Teems**, when the police arrived at the scene of a one-car accident, the defendant, who was the driver, showed signs of

intoxication. *Id.* We found the circumstantial evidence sufficient to prove both general impairment and high rate of alcohol without any direct evidence of exactly how long beforehand the defendant had driven the vehicle and gotten into the accident. *Id.* at 147-48. We advised, "[O]ur jurisprudence does not require fact-finders to suspend their powers of logical reasoning or common sense in the absence of direct evidence. Instead, juries may make reasonable inferences from circumstantial evidence introduced at trial." *Id.* at 148 (internal citation omitted); *see also Commonwealth v. Johnson*, 833 A.2d 260, 263-65 (Pa.Super. 2003).

Here, the police responded within minutes of receiving a report of reckless driving and curb-striking by a car matching the description of Geist's car, which had damage to its front. The car's hood was warm to the touch, the tire tracks leading to it were "fresh," and the tires had "wet" mud and grass on them. Geist was the car's sole occupant, admitted he was its only driver, and was intoxicated when the police arrived. Viewed in the light most favorable to the Commonwealth, this evidence was sufficient to prove that Geist had driven to the parking lot immediately prior to the arrival of the police. It was also sufficient to prove that the intoxicated state Geist was in when the police arrived was the result of his having imbibed alcohol before he drove there. This issue merits no relief.

Next, although Geist raises a challenge to the weight of the evidence in his statement of questions, he does not present any argument on this point. It is therefore waived. *See* Pa.R.A.P. 2116(a); *Commonwealth v. Woodard*,

129 A.3d 480, 502 (Pa. 2015). Moreover, Geist did not include this issue in his concise statement of errors complained of on appeal. It is waived for this reason as well. *See* Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/15/2023