J-S40020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH BENCH | : | |
| | : | |
| Appellant | : | No. 3059 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 5, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005029-2021

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JANUARY 30, 2025**

Joseph Bench appeals from the judgment of sentence entered following his conviction for conspiracy to distribute controlled substances. Bench challenges the weight and the sufficiency of the evidence. We affirm.

The Commonwealth charged Bench with possession with intent to distribute, intentional possession of a substance by a person not registered, possession of marijuana, and conspiracy with intent to distribute.[1] At his bench trial,[2] Officer Robert McGrody testified that on April 29, 2020 at approximately 1:35 p.m., he was on duty as a Philadelphia police officer with

---

[1] 35 P.S. 780-113 §§ (a)(30), (a)(16), (a)(31), and 18 Pa.C.S.A. § 903, respectively.

[2] Immediately prior to Bench's non-jury trial, the trial court held a hearing on his motion to suppress, wherein Officer Robert McGrody testified. After the court denied Bench's motion to suppress, the case moved directly to trial and the testimony from the motion hearing was incorporated into the trial. ***See*** N.T., 7/14/22, at 65, 69.

his partner, Officer Creely. N.T., 7/14/22, at 15-16. They were in uniform on patrol in an unmarked police vehicle. *Id.* at 16. He testified that he observed a male approach Bench and hand him an unknown amount of money. *Id.* at 17. Officer McGrody then saw the male and Bench walk over to a minivan that was parked at the corner. *Id.* Officer McGrody observed that the sliding door on the side of the minivan was opened. *Id.* He then saw Bench give the money he had received to another male inside the minivan. *Id.* The male inside the minivan then handed Bench a small plastic bag, and Bench handed the bag to the first male. *Id.* at 29. At that point, Officer McGrody approached the minivan. *Id.* at 17. The male who initially handed Bench the money and the male in the minivan fled on foot, and Officer Creely gave chase. *Id.* at 18. Officer McGrody then searched the minivan and found $1,806 in cash, 23 plastic baggies containing a total of 4.3 grams of crack, and over 15 grams of marijuana. *Id.* at 18-19, 69-70. Officer McGrody's body camera footage of the incident was admitted into evidence and viewed by the court at trial. *Id.* at 20-21.

The court found Bench guilty of conspiracy to distribute controlled substances, but not guilty of possession with intent to distribute, intentional possession of a substance by a person not registered, and possession of marijuana. *See id.* at 81-82. Bench was sentenced to two years' reporting probation. Bench did not file a written post-sentence motion. On November 13, 2023, Bench's appellate rights were reinstated *nunc pro tunc*. This timely appeal followed.

Bench raises the following issues:

1. Whether the verdict was against the weight of the evidence in the situation where the videotaped evidence and witness testimony were so inconsistent that a conviction of conspiracy in this matter shocks the conscience.

2. Whether the videotaped and witness evidence put forth at trial was insufficient to demonstrate that Mr. Bench "agree[d] with [a] person or persons that they or one or more of them will engage in conduct which constitutes [a] crime."

Bench's Br. at 6.

Bench first argues that the verdict was against the weight of the evidence. He asserts that Officer McGrody's testimony and the body cam footage was so inconsistent that Bench's conviction of conspiracy shocks the conscience. Bench points out that Officer McGrody could not tell that the bag passed to Bench from the individual in the minivan was narcotics. *Id.* at 9-10. Bench also points out that while Officer McGrody initially testified on direct examination that when he approached the scene, Bench was pushed into him, the body cam footage showed that no push or shove by Bench ever occurred. *Id.* at 10. Bench further emphasizes that Officer McGrody did not find any money on Bench despite his testimony that he saw Bench receive money as part of the purported narcotics transaction. *Id.* at 11. Bench also argues that Officer McGrody's testimony on direct examination that money was "scattered" all over the van was inconsistent with the body cam footage that did not show money scattered in the van. *Id.*

Bench did not raise a challenge to the weight of the evidence before the trial court. It is therefore waived. ***See*** Pa.R.Crim.P. 607(a) (stating defendant must preserve a weight claim by raising it before sentencing or in a post-sentence motion); ***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009). Bench argues that he preserved a challenge to the weight of the evidence via oral motion for extraordinary relief before his sentencing hearing on October 5, 2022. ***See*** Bench's Br. at 8. However, that motion was made pursuant to Pennsylvania Rule of Criminal Procedure 704(B) and asserted different grounds for relief than Bench's instant weight challenge. ***See*** N.T. Sentencing, 10/5/22, at 3-15.

Even if it were not waived, we would find the claim meritless. "We review a trial court's order denying a weight challenge for an abuse of discretion." ***Commonwealth v. Fallon***, 275 A.3d 1099, 1107 (Pa.Super. 2022). Because the trial court heard the testimony firsthand, we must "give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." ***Id.*** (citation omitted). "To successfully challenge the weight of the evidence, a defendant must prove the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court." ***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa.Super. 2017) (internal quotation marks and citation omitted). Further, "[t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses."

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citation omitted). "When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited." *Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa.Super. 2012) (citation omitted).

Here, in its Pa.R.A.P. 1925(a) opinion, the court trial explained the reasons it found the weight claim meritless:

> This court found Officer McGrody credible. [N.T., 7/14/22,] at 80. His testimony, the body cam footage, and the drugs recovered from the mini[van] support an inference that [Bench] agreed to serve as a runner in a drug distribution operation. He agreed to greet potential customers, collect money up-front, pass the money to the person who controlled the drugs, and introduce the person who controlled the drugs to the customer. These reasonable inferences from the evidence establish an agreement to distribute drugs, shared intent, and an overt act. [Bench's] conviction does not shock one's sense of justice and make the award of a new trial imperative so that justice may prevail.

Trial Court Opinion, filed 2/29/24, at 4.

The court did not abuse its discretion in finding the verdict did not shock the conscience. No relief is due.

Bench next argues that the evidence was insufficient to support his conviction for conspiracy. Citing *Commonwealth v. Anderson*, 402 A.2d 546, 549 (Pa.Super. 1979), Bench asserts that the Commonwealth was required to prove the guilt of at least one of his co-conspirators to convict Bench and failed to do so. Bench's Br. 14. Bench further argues the

Commonwealth "failed to prove that Mr. Bench and the unknown males entered into an agreement to commit delivery and/or that they all had a shared criminal intent to commit delivery." *Id.* at 15. He points out that Officer McGrody testified that he did not overhear any conversation between himself and any of the males, and thus argues that there was no evidence that they entered into a verbal agreement to distribute narcotics. *Id.* at 15-16. Bench further argues that Officer McGrody testified that he had no knowledge whether the drugs found were for personal use or for distribution or whether Bench and the unidentified male even exchanged narcotics. *Id.* at 16-17. He maintains that his "mere presence at the location of the drug transaction is not sufficient to implicate him in a criminal conspiracy." *Id.* at 17.

The sufficiency of the evidence is a question of law. Therefore, "[o]ur standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Mikitiuk***, 213 A.3d 290, 300 (Pa.Super. 2019). When reviewing a challenge to the sufficiency of the evidence, we "must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." ***Commonwealth v. Feliciano***, 67 A.3d 19, 23 (Pa.Super. 2013) (*en banc*) (citation omitted). "Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail." *Id.* (citation omitted). This standard applies equally where the Commonwealth's evidence

is circumstantial. ***Commonwealth v. Patterson***, 180 A.3d 1217, 1229 (Pa.Super. 2018). The factfinder, "while passing on the credibility of the witnesses and the weight of the evidence – is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa.Super. 2017). This Court "may not substitute our judgment for that of the factfinder." ***Commonwealth v. Griffith***, 305 A.3d 573, 576 (Pa.Super. 2023), *appeal denied*, 319 A.3d 503 (Pa. 2024).

"To convict a defendant of conspiracy, the trier of fact must find that: (1) the defendant intended to commit or aid in the commission of the criminal act; (2) the defendant entered into an agreement with another (a 'co-conspirator') to engage in the crime; and (3) the defendant or one or more of the other co-conspirators committed an overt act in furtherance of the agreed upon crime." ***Commonwealth v. Barnes***, 871 A.2d 812, 819 (Pa.Super. 2005) (citation omitted). "The essence of a criminal conspiracy, which is what distinguishes this crime from accomplice liability, is the agreement made between the co-conspirators." ***Id.*** (citation omitted).

Although direct evidence of the defendant's criminal intent or the conspiratorial agreement "is rarely available," the Commonwealth may prove the defendant's intent and the agreement "through circumstantial evidence, such as by the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators." ***Id.*** at 820 (citation omitted). If the trier of fact finds an agreement existed, and that the defendant intentionally entered into it, the defendant "may be liable for the overt acts committed in

furtherance of the conspiracy regardless of which co-conspirator committed the act." *Id.* (citation omitted).

Bench's initial argument that the Commonwealth was required to prove the guilt of his co-conspirators in order to convict him pursuant to *Anderson* is without merit. The proposition set forth in *Anderson* that the Commonwealth was required to prove the guilt of both the defendant and his alleged conspirator to sustain a conspiracy conviction is no longer sound law. *See Feliciano*, 67 A.3d at 26.

Moreover, the evidence was sufficient to prove that Bench engaged in a conspiracy to distribute controlled substances. Officer McGrody observed a male approach Bench and hand him money. N.T., 7/14/22, at 17. Officer McGrody then saw the male and Bench walk over to a minivan that was parked at the corner, and saw that the minivan's sliding door on the side was opened. *Id.* He then saw Bench give the money he had received to another male inside the minivan. *Id.* The male inside the minivan then handed Bench a small plastic bag, and Bench handed the bag to the first male. *Id.* at 29. Officer McGrody searched the minivan and found cash, 4.3 grams of crack, and over 15 grams of marijuana. *Id.* at 18-19, 69-70. The testimony was consistent with the police body cam footage. This evidence was sufficient to support the trial court's conclusion that Bench engaged in an agreement with the male inside the minivan to bring customers to him for the purpose of distributing controlled substances.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/30/2025