J-S12025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL PUNGITORE | : | |
| | : | |
| Appellant | : | No. 1401 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000257-2023

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED JUNE 26, 2025**

Michael Pungitore appeals from the judgment of sentence entered following his convictions for unlawful contact with a minor, endangering the welfare of a child, and indecent exposure.[1] Pungitore challenges the weight and sufficiency of the evidence, several evidentiary rulings, and the discretionary aspects of his sentence. We affirm.

The trial court provides an apt summary of the evidence presented at trial, which we need not repeat. *See* Trial Court Opinion, filed 8/12/24, at 1-8. Briefly, Pungitore is the victim's, A.P.'s, uncle. Pungitore's brother is A.P.'s father. Pungitore's parents are A.P.'s grandparents. In 2013, when A.P. was seven years old, she was spending time at the home where her grandparents and Pungitore live. Pungitore invited A.P. to his bedroom to watch cartoons

---

[1] *See* 18 Pa.C.S.A. §§ 6318(a)(1), 4304(a)(1), and 3127(a).

and play video games, and sexually abused her. On the sixth consecutive day of the abuse, A.P.'s mother walked into the room and saw Pungitore with his pants down and with A.P.'s mouth near his penis.

A.P.'s mother testified that A.P.'s grandmother begged her not to disclose the abuse to A.P.'s father. A.P.'s mother told A.P.'s pediatrician about the abuse, and the pediatrician made a mandatory report to Department of Human Services ("DHS"). The Philadelphia Children's Alliance ("PCA") interviewed A.P. A.P. denied any abuse. The DHS investigation became inactive.

Nearly a decade later, in 2022, when A.P. was seventeen years old, she disclosed the abuse to a friend, two school counselors, and a former teacher. The PCA conducted a second interview of A.P., and this time A.P. told the interviewer about the abuse. A.P. stated she had not disclosed the abuse at the earlier interview because Pungitore had threatened to hurt her mother.

The jury convicted Pungitore of the above-listed offenses.[2] The court ordered a pre-sentence investigation report. Following a hearing, the court sentenced Pungitore to an aggregate of two and a half to seven years' incarceration, followed by three years of probation.

Pungitore raises the following issues:

1. Whether the evidence was insufficient to adjudicate [Pungitore] guilty of Unlawful Contact with a Minor as the Commonwealth

_____

[2] The jury was unable to reach a verdict on a charge of Involuntary Deviate Sexual Intercourse with a Child. **See** 18 Pa.C.S.A. 3123(b).

failed to prove that [Pungitore] was intentionally in contact with a minor for the purpose of engaging in Indecent Exposure?

2. Whether the evidence was insufficient to adjudicate [Pungitore] guilty of Endangering Welfare of Children as the Commonwealth failed to prove that [Pungitore] was a guardian, or other person supervising the welfare of a child, and that he knowingly endangered the welfare of the child by violating a duty of care, protection or support?

3. Whether the court erred when it sustained the Commonwealth's objection to defense counsel's question regarding DHS closing the case in 2013? *See* N.T. 12/13/23, 72-73.

4. Whether the court erred when it sustained the Commonwealth's objection to defense counsel's question regarding whether the complainant was asked by the forensic interviewer whether she knew what a lie was? *See* N.T. 12/13/23, 74, 100-101.

5. Whether the court erred when it overruled defense counsel's objection to the hearsay testimony, which was also irrelevant and unfairly prejudicial? *See* N.T. 12/13/23, 111-112.

6. Whether the court erred when it sustained the Commonwealth's objection to defense counsel's question regarding DHS closing the case? *See* N.T. 12/13/23, 137-138.

7. Whether the court erred when it overruled defense counsel's objection to the Commonwealth questioning a witness about when the incident "happened" as it was a mere allegation?

    A. The Commonwealth's question was unfairly prejudicial. *See* N.T. 12/14/23, 16-17.

8. Whether the court erred when it imposed an unreasonable sentence?

    A. First, the sentence was disproportionate to the conduct.

    B. Second, the court did not give careful consideration to all relevant factors such as [Pungitore's] rehabilitative needs, mental health issues, substance abuse issues, family support, and lack of violence and sexual offenses.

    C. Third, the court relied on improper factors not supported by the evidence such as that [Pungitore] may file an appeal, that [Pungitore] allowed the family to blame the

complainant, that [Pungitore] ripped the family apart, and that [Pungitore] had not done anything since being released on house arrest although he was released two weeks prior to sentencing and was on strict house arrest which did not permit him to leave the house for any reason.

D. Finally, the court failed to balance the protection of the public, the gravity of the offense, and [Pungitore's] rehabilitative needs. Instead, the court focused almost exclusively on the fact that the complainant had to testify and that [Pungitore] did not spare her by pleading guilty (to some offenses).

9. Whether the court erred when it denied [Pungitore's] request for a new trial as the weight of the evidence should have resulted in an acquittal of all charges?

A. The verdict was contrary to the evidence as the Commonwealth witnesses' testimony was inconsistent, contradictory, and incredible.

B. There was no physical evidence to the offenses and [Pungitore] had character for peacefulness and[]chastity.

Pungitore's Br. at 11-13.[3]

In his first two issues, Pungitore challenges the sufficiency of the evidence supporting his convictions for unlawful contact with a minor and endangering the welfare of a child. His arguments for both offenses are the same. Pungitore asserts the evidence was insufficient because A.P. did not disclose the abuse at the 2013 PCA interview, or at any time before 2022, and because the Commonwealth failed to present the testimony of certain "material witnesses." According to Pungitore, to prove its case, the Commonwealth had to present the testimony of the person who conducted

_____

[3] To the extent that Pungitore's arguments do not address each of the points he raises in the questions presented section of his brief, those points are waived. *See Commonwealth v. Woodard*, 129 A.3d 480, 502 (Pa. 2015).

- 4 -

the 2013 PCA interview; a friend of A.P.'s mother to whom A.P.'s mother had allegedly told about the abuse in 2013; A.P.'s friend, counselors, and teacher to whom she disclosed the abuse in 2022; and A.P.'s father.[4] *Id.* at 32-34.

The trial evidence is sufficient when it "enable[s] the trier of fact to find every element of the crime has been established beyond a reasonable doubt." *Commonwealth v. Fallon*, 275 A.3d 1099, 1105 (Pa.Super. 2022) (citation omitted). In reviewing a challenge to the sufficiency of the evidence, we "determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." *Id.* (citation omitted).

Pungitore's arguments that A.P. did not disclose the abuse earlier, and the Commonwealth did not present certain witnesses, go to the weight, and not the sufficiency, of the trial evidence. *See Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000). The weight of the evidence and credibility of the witnesses is the province of the fact-finder, and a challenge to the weight of the evidence is assessed under a different standard than a challenge to the sufficiency of the evidence. *Id.* A challenge to the sufficiency of the evidence must fail if the appellant's argument goes only to the weight of the evidence. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999). Thus, Pungitore's sufficiency claims fail.

_____

[4] A.P.'s father testified for the defense and was cross-examined by the Commonwealth.

In his third issue, Pungitore argues the court erred in sustaining the Commonwealth's objection when defense counsel asked A.P. whether DHS had closed its initial investigation in 2013. Pungitore's Br. at 35-36 (citing N.T., 12/13/23, at 72-74). The trial court ruled the question "sought information collateral to the issues that the jury needed to determine, and therefore, [was] not a proper basis for impeachment of the witness." Trial Ct. Op. at 7.

"We review rulings on the scope of cross-examination for abuse of discretion." *Commonwealth v. Gross*, 241 A.3d 413, 420 (Pa.Super. 2020) (citation omitted). To demonstrate a court abused its discretion in making an evidentiary ruling is a heavy burden, borne by the appellant. *Commonwealth v. Brown*, 212 A.3d 1076, 1086 (Pa.Super. 2019). "An abuse of discretion is present where there is an overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Lynch*, 242 A.3d 339, 350 (Pa.Super. 2020) (quotation marks and citation omitted).

Pungitore does not provide any argument in support of this issue. He does not explain why the proposed testimony was admissible, or how the trial court's ruling was an abuse of discretion. He therefore waived the issue. *Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa.Super. 2002) ("[A]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived").

In any event, defense counsel asked A.P. to speculate whether and when DHS closed its initial investigation, without establishing A.P. would have firsthand knowledge of that fact. *See* Pa.R.E. 602 (witness must have personal knowledge of subject matter of testimony); *Commonwealth v. Bartlett*, 721 A.2d 1058, 1060 (Pa. 1998) (court does not abuse its discretion in prohibiting questions that call for speculation). In addition, the Commonwealth presented the testimony of the detective who coordinated A.P.'s interview in 2013. He testified that his investigation became inactive after A.P. denied any abuse. *See* N.T., 12/13/23, at 149-51. Therefore, A.P.'s testimony regarding the "closing" of the 2013 DHS case – assuming she could testify to that fact – was cumulative of the other testimony. *See* Pa.R.E. 403 (court may exclude relevant evidence that is needlessly cumulative). We fail to discern an abuse of discretion in the court's decision to exclude this testimony.

In his fourth issue, Pungitore argues the court erred in sustaining the Commonwealth's objection when defense counsel asked A.P. if the PCA interviewer had asked her during the 2013 interview if she "knew what a lie was[.]" Pungitore's Br. at 36-37 (citing N.T., 12/13/23, at 74). At trial, Pungitore argued this question was relevant to establish whether A.P. had promised to tell the truth during the 2013 interview, and whether she had understood the difference between the truth and a lie. *See* N.T., 12/13/23, at 101. In sustaining the objection, the court reasoned that the answer to this question was collateral to the material issues at trial. *See* Trial Ct. Op. at 7.

In his brief, Pungitore argues that the question was not collateral because it "goes to determine if proper forensic interview protocols were employed by the PCA forensic interviewer" in 2022. Pungitore's Br. at 37. However, Pungitore does not allege he intended to present testimony establishing what proper interview protocols are. Nor does he explain how the questions used by the 2013 interviewer would have proven that the questions used by the 2022 interviewer were improper.

In addition, we agree with the trial court that the answer to the question was collateral to the issues at trial. Whether the interviewer had asked A.P. if she knew what a lie was would not have been probative to the issue of A.P.'s credibility; the material issue was whether A.P. had known what a lie was when she gave her 2013 statement. Pungitore does not argue that the court prevented defense counsel from asking A.P. directly whether she had understood the need to be truthful during her 2013 interview.

Regardless, any error in the court's exclusion of the proposed testimony was harmless. A defendant is not entitled to a new trial if an evidentiary error is harmless beyond a reasonable doubt. *Commonwealth v. Koch*, 39 A.3d 996, 1006 (Pa.Super. 2011). "Harmless error exists when the error did not prejudice the defendant or the prejudice was *de minimis* or the erroneously admitted evidence was merely cumulative of other untainted evidence, which was substantially similar to the erroneously admitted evidence." *Id.* at 1007.

Here, the court allowed defense counsel to extensively impeach A.P. with the fact that she specifically denied Pungitore abused her during the 2013

PCA interview. *See* N.T., 12/13/23, at 75-78. Defense counsel also confronted A.P. with the fact that she continued to spend time with Pungitore after the alleged abuse, and never told her mother that she did not want to return to her grandparents' home. *Id.* at 78-79. Furthermore, the Commonwealth presented the testimony of the 2022 PCA interviewer, who reviewed the PCA report summarizing the 2013 interview. She testified that A.P.'s competency had been evaluated during the 2013 interview, and that this type of evaluation goes to whether a young child knows the difference between the truth and a lie. *See* N.T., 12/13/23, at 185, 187-88. Defense counsel did not cross-examine the 2022 PCA interviewer to emphasize that the 2013 interviewer had been satisfied with A.P.'s competency. Because Pungitore had ample opportunity to impeach A.P. with her 2013 statement, and because other testimony established that A.P. had understood what a lie was when she was interviewed in 2013, any error here was harmless.

Pungitore next argues the court erred in sustaining the Commonwealth's objection when defense counsel asked A.P.'s mother if the 2013 DHS investigation had been closed, and in instructing the jury to disregard her answer. Pungitore's Br. at 38 (citing N.T. at 137-38). He argues this information was relevant to whether the abuse occurred, and that it was not unfairly prejudicial. *Id.* at 39.

The court did not abuse its discretion in precluding A.P.'s mother from testifying whether the 2013 DHS investigation had been closed. As with Pungitore's third issue, this question asked A.P.'s mother to speculate to a

matter for which she had no first-hand knowledge, and the information sought was redundant to the testimony establishing that the investigation became inactive after A.P. had denied the abuse in 2013.

In his sixth issue, Pungitore argues that the court erred in overruling defense counsel's objection when A.P.'s mother testified that A.P.'s grandmother had pleaded, "[P]lease, don't tell [A.P.'s father]. I'll lose both my sons. [A.P.'s] an innocent child. She won't remember anything." Pungitore's Br. at 39 (quoting N.T., 12/13/23, at 112). The trial court allowed the testimony, finding it was not being offered for the truth of the matter asserted. Pungitore argues the statement was inadmissible hearsay, because the Commonwealth did not assert it was offered for any reason other than its truth.

The court did not abuse its discretion in concluding the statement was not hearsay. Hearsay is an out of court statement offered for the truth of the matter asserted. Pa.R.E. 801(c). Here, the statement was not offered to prove that A.P.'s grandmother would "lose" her sons, that A.P. was an innocent child, or that A.P. would not remember the abuse. To the extent the statement was offered to explain A.P.'s mother's conduct, "[a]n out of court statement offered not for its truth but to explain the witness's course of conduct is not hearsay." *Commonwealth v. Rega*, 933 A.2d 997, 1017 (Pa. 2007).

Furthermore, the statement was not unfairly prejudicial, as it was unlikely to divert the jury's attention from the question of whether Pungitore had committed the abuse. *See* Pa.R.E. 403 (stating the court may exclude

relevant evidence if its probative value is outweighed by a danger of unfair prejudice), comment (defining "unfair prejudice" as "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially"). In addition, any potential prejudice from the testimony was mitigated when the parties stipulated that A.P.'s mother's statements to the police in 2022 did not make any reference to her alleged 2013 conversation with A.P.'s grandmother. **See** N.T., 12/13/23, at 145. No relief is due.

In his seventh issue, Pungitore argues the court erred in overruling defense counsel's objection to the Commonwealth's asking A.P.'s father whether he was in the house "the day it happened[.]" Pungitore's Br. at 40 (quoting N.T., 12/14/23, at 16). Pungitore argues that the Commonwealth's question assumes the abuse occurred, and that it occurred on a specific date, and therefore assumes facts not in evidence and at issue in the case.

The court overruled the objection, concluding "the Commonwealth's use of the word 'happened' did not unfairly prejudice the jury when the Commonwealth's entire case was predicated on the assertion that the sexual abuse **happened**." Trial Ct. Op. at 16 (emphasis in original). This was not an abuse of discretion. The question did not assume a fact not in evidence; A.P. had already testified that the abuse happened. Furthermore, the court instructed the jury at the commencement of trial that the questions that counsel present to the witnesses are not evidence. **See** N.T., 12/13/23, at 11. We discern no abuse of discretion.

- 11 -

Pungitore next challenges the discretionary aspects of his sentence, claiming that his sentence was "harsh and excessive" and that the lower court failed to properly consider all sentencing factors or mitigating evidence. Pungitore's Br. at 41. Pungitore also contends the court failed to refer to his personal characteristics or his potential for rehabilitation and focused solely on the seriousness of the crime. *Id.* at 44.

The discretionary aspects of a sentence are not appealable as of right. ***Commonwealth v. Mouzon***, 812 A.2d 617, 621 (Pa. 2002). An appellant must petition this Court for allowance of the appeal by including a Rule 2119(f) statement in his brief that raises a substantial question that the court imposed a sentence that violates a specific provision of the Sentencing Code or a fundamental sentencing norm. ***See*** 42 Pa.C.S.A. §§ 2119(f), 9781(b); ***Commonwealth v. Lynch***, 242 A.3d 339, 346 (Pa.Super. 2020). Where the appellant fails to include a Rule 2119(f) statement, and the Commonwealth objects, we will not review the sentencing issue. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa.Super. 2004).

Pungitore did not include a Rule 2119(f) statement. The Commonwealth objects to its omission. We therefore decline to review Pungitore's discretionary sentencing claim.

In his final issue, Pungitore argues the verdicts were against the weight of the evidence. Pungitore again points to the fact that A.P. did not disclose the abuse at the PCA interview in 2013, or at any time before 2022, and that the Commonwealth failed to call "material" witnesses, such as A.P.'s friend,

teacher, counselors, her father, and the person who conducted the PCA interview in 2013.

The trial court may reverse the verdict if it is "so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Roane***, 204 A.3d 998, 1001 (Pa.Super. 2019) (citation omitted). We review the trial court's denial of a weight claim for an abuse of discretion. ***Id.***

The trial court opined that the Commonwealth presented "more than enough evidence" to sustain the conviction, including A.P.'s testimony and the corroborating testimony of A.P.'s mother, "who caught [Pungitore] in the act of sexually abusing her daughter." Trial Ct. Op. at 20. The court did not abuse its discretion in denying the weight claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/26/2025